IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SANTY COLON, ) | |
|     Plaintiff, ) | Civil Action No. 7:21-cv-00097 |
| ) | |
| v. ) | |
| ) | |
| HARRISONBURG/ROCKINGHAM ) | By: Michael F. Urbanski |
| REGIONAL JAIL, ) | Chief United States District Judge |
|     Defendant, ) | |

## MEMORANDUM OPINION

Santy Colon, an inmate incarcerated at the Harrisonburg/Rockingham Regional Jail and proceeding pro se, commenced this civil action under 42 U.S.C. § 1983. The entirety of the allegations in his brief complaint are as follows:

> I was inadvertently released early from this facility on 1/13/2021 and brought back 1/14/2021. And due to this action me and my family are now suffering major emotional distress and mental trauma due to the situation.

Compl. 2, ECF No. 1 (spelling and grammatical errors corrected). He offers no other detail or factual allegations in support of his claims, except to note that he did not exhaust his remedies because he was "scared" of retaliation. Id. at 1. For relief, he simply states that he is seeking "financial compensation." Id. at 2.

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Colon's complaint, the court concludes that it fails to state a claim and so is

subject to dismissal under 28 U.S.C. § 1915A(b)(1).

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Particularly important here, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. See Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). Colon does not name any individual defendant who took any action against him. He has named only the jail as a defendant. But a jail is not a legal entity, it is not a "person" subject to suit under § 1983, and Colon cannot maintain this action against the defendant jail. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992) (a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail.").[1]

---

[1] Jails in Virginia are run by either a sheriff or a regional jail authority or board. Va. Code. Ann. §§ 53.1-106(A), 53.1-116.2. Even if Colon had named the appropriate jail administrator here, his claim nonetheless fails on its merits for the reasons set forth in the text. Moreover, sheriffs in Virginia are state officers and entitled to Eleventh Amendment immunity from suit in their official capacities, which would preclude any claim for damages—the only relief sought by Colon. Bland v. Roberts, 730 F.3d 368, 390–91 (4th Cir. 2013). Colon also fails to state a claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), because he does not allege that any official policy or custom of the jail administrator played a part in any violation, so as to be a "moving force" behind any violation. Polk Cty. v. Dodson, 454 U.S. 312, 326 (1981).

Even if Colon had named a proper defendant, though, his allegation that he was mistakenly released and then rearrested the next day does not state a cognizable constitution claim. Although he does not identify what constitutional provision he believes was violated, the Fourth Circuit previously has addressed a similar factual scenario as a potential due process violation. Hawkins v. Freeman, 195 F.3d 732 (4th Cir. 1999). In Hawkins, the plaintiff was mistakenly released from custody by the parole commission, remained free—and committed no additional criminal conduct—for twenty months, and then he was reincarcerated to correct the error. Id. at 735–37. The court analyzed the action both as an executive act and as a legislative act, because there was some indication that legislation required reincarceration in that case. Under both modes of analysis, the held that no substantive due process violation occurred. As to the executive act—which is what Colon appears to challenge here—the Fourth Circuit concluded that such conduct did not "shock the conscience," particularly where the error was the result of simple negligence. Id. at 745–46. Indeed, the court observed that "erroneous release (and delayed incarceration) of prisoners is a surprisingly widespread and recurring phenomenon in both state and federal systems." Id. at 742 & n.3. Reincarceration, moreover is "routine" and "seeming invariable." Id. at 743.

Relying on Hawkins, district courts in the Fourth Circuit have repeatedly rejected constitutional challenges based on similar facts. E.g., Sanders v. O'Brien, No. 3:13-CV-16, 2013 WL 5933929, at *9 (N.D.W. Va. Nov. 5, 2013), aff'd, 563 F. App'x 250 (4th Cir. 2014) (rejecting due process claim made in habeas petition and denying request for credit to sentence for time spent at liberty after being erroneously released); see also Short v. Eagleton, No. C/A 8:05 2915GRA BHH, 2006 WL 2583614, at *7 (D.S.C. Sept. 6, 2006) (same); cf. United States v. Grant, 862 F.3d 417, 421 (4th Cir. 2017) (assuming without deciding that "in some

3

circumstances federal common law offers prisoners the possibility of credit for time erroneously spent a liberty," but affirming district court's denial of credit in case before it).

The court reaches the same result here. No facts in Colon's complaint suggest that any official acted with a "vindictive or oppressive" purpose that is "shock[ing to] the contemporary conscience." See Hawkins, 195 F.3d at 750. To the contrary, Colon expressly alleges that his release was "inadvertent[]" and it was corrected the following day. Accordingly, this case is governed by the analysis in Hawkins. The court thus concludes that Colon fails to allege facts sufficient to state a substantive due process claim or any other constitutional claim.

For the foregoing reasons, the court summarily dismisses this action pursuant to 28 U.S.C. § 1915A(b)(1). To the extent Colon intended to assert any state-law claims, the court declines to exercise jurisdiction over those, 28 U.S.C. § 1367(c)(3), and will dismiss them without prejudice

An appropriate order will be entered.

Entered: March 29, 2021

Michael F. Urbanski
Chief United States District Judge